O

# United States District Court
# Central District of California

| | |
|---|---|
| PLUTOS SAMA HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TORSTEN MAEHLE, et al., <br><br> Defendants. | Case № 8:19-cv-01010-ODW (AGRx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [31]** |

## I. INTRODUCTION

Defendant Michael Beilenson ("Beilenson") moves to dismiss Plaintiff Plutos Sama Holdings, Inc. ("Plutos")'s Complaint. (Mot. to Dismiss ("Mot."), ECF No. 31.) Plutos failed to oppose the Motion to Dismiss ("Motion"). (*See* Notice of Non-Receipt of Opp'n ("Notice"), ECF No. 32.) For the reasons that follow, the Court **GRANTS** Beilenson's Motion.[1]

## II. BACKGROUND

Plutos is a holding company with interests across a wide array of industries, including retail consumer markets. (Compl. ¶ 22, ECF No. 1.) Plutos initiated this civil action against Beilenson and six other individual Defendants, including Jurg

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Widmer, Alejandro Widmer, and Clemens Gregor, and Torsten Maehle (collectively, the "Widmer Enterprise"), Carlos Politano, and Endre Szabari (collectively "Defendants"). (Compl. at 2.) Plutos alleges that Defendants, engaged in an aggressive and coordinated attack intended to interfere with Plutos's acquisition and operation of restaurants. (Compl. at 3.) Specifically, Defendants "engaged in a coordinated effort to launder J. Widmer's ill-gotten gains through the Doral Restaurant." (Comp. at 2.) Plutos also asserts that Defendants' actions have caused substantial financial harm to its restaurants and jeopardized its larger transactions involving franchise development rights. (Compl. at 3.)

Regarding Defendant Beilenson, Plutos alleges that Beilenson is a former manager of the Doral Restaurant and a resident of Miami-Dade County, Florida. (Compl. ¶ 11.) On March 28, 2019, the Widmer Enterprise unlawfully took over physical operations of the Doral Restaurant for one day and collected all restaurant receivables. (Compl. ¶ 43(g).) During the takeover, Widmer Enterprise conspired and planted Beilenson as the restaurant manager. (Compl. ¶ 43(g).) For his part of the scheme, Beilenson was paid in cash directly or indirectly by the Widmer Enterprise. (Compl. ¶ 43(g).) After physically taking over the Doral Restaurant, Beilenson installed a "Square" credit-card reader to divert all the Doral Restaurant's revenue to the Widmer Enterprise. (Compl. ¶ 43(g).) Through Defendant Beilenson, the Widmer Enterprise converted revenue owed to Plutos and the Doral Restaurant. (Compl. ¶ 43(g).)

In his Complaint, Plutos asserts two causes of action against Beilenson: conversion and civil conspiracy. (Compl. ¶¶ 87–92, 100–05.) Beilenson now moves to dismiss Plutos's Complaint for the following four reasons: lack of personal jurisdiction, improper venue, impermissible shotgun pleading, and failure to state a claim. (Mot. 7.). Beilenson noticed the hearing on the Motion for December 2, 2019, at 1:30 p.m. Thus, pursuant to Local Rule 7-9, Plutos's opposition was due no later than November 11, 2019. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no

later than twenty-one days before the motion hearing). As the deadline fell on a national holiday, Plutos's opposition was due November 8, 2019, pursuant to the Court's standing orders. *See* Standing Order § VII.A.1, https://www.cacd.uscourts.gov/ honorable-otis-d-wright-ii. However, to date, Plutos has filed no opposition to Beilenson's Motion.

## III. DISCUSSION

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Beilenson moves to dismiss Plutos's Complaint with prejudice. (*See* Notice 2.) Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Plutos received notice of the motion and had ample opportunity to respond but failed to do so. Plutos is represented by counsel in this matter and its attorney is a registered CM/ECF user who receives notice of electronic filings in this

action.  Further, Beilenson assert that counsel for both parties met and conferred pursuant to Local Rule 7-3 in advance of Beilenson's filing the Motion.  (*See* Notice of Mot. 1–2, ECF No. 31.)  Thus, Plutos and Plutos's counsel had notice of the instant Motion but failed to respond.  Beilenson filed the Motion on November 1, 2019; Plutos has had ample time to respond.  Yet, Plutos has not sought an extension of time to respond or any other relief, nor has it offered an excuse for failing to oppose.  Plutos also has not responded to Beilenson's Notice of Non-Receipt of Opposition, in which Beilenson request that the Court grant the Motion as unopposed.  (Notice 1–2.)  As such, the Court construes Plutos failure to respond to Beilenson's Motion as consent to the Court granting it.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Beilenson's Motion.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Beilenson's Motion to Dismiss. (ECF No. 31.)  Accordingly, the Court **DISMISSES** Plutos's causes of action against Beilenson **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

March 11, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**