O

# United States District Court
# Central District of California

| | |
|---|---|
| PLUTOS SAMA HOLDINGS, INC., | Case № 8:19-CV-01010-ODW (AGRx) |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO DISMISS [35]** |
| TORTSEN MAEHLE et al., | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court is Defendant Torsten Maehle's Motion to Dismiss ("Motion") Plaintiff Plutos Sama Holdings, Inc.'s ("Plutos") Complaint. (Mot. to Dismiss ("Mot."), ECF No. 35.)  For the following reasons, the Court **GRANTS** Maehle's Motion.[1]

## II.  FACTUAL BACKGROUND

Plutos is a holding company with interests across a wide array of industries, including retail consumer markets. (Compl. ¶ 22, ECF No. 1.)  Plutos initiated this civil action against Torsten Maehle, Jurg Widmer, Alejandro Widmer, and Clemens Gregor (collectively, the "Widmer Enterprise"), and three other individual

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

defendants—Carlos Politano, Endre Szabari, and Michael Beilenson (collectively, "Defendants"). (Compl. at 2.) Plutos alleges that Defendants engaged in an aggressive and coordinated attack intended to interfere with Plutos's acquisition and operation of restaurants. (Compl. at 3.) Specifically, Defendants "engaged in a coordinated effort to launder J. Widmer's ill-gotten gains through the Doral Restaurant" ("Doral"). (Comp. at 2.) Plutos also asserts that Defendants' actions caused substantial financial harm to its restaurants and jeopardized its larger transaction involving franchise development rights. (Compl. at 3.)

Plutos alleges that Defendant Maehle, a Florida resident, was a close friend of Alejandro Widmer and former equity-holder of VAP Sunshine—a Florida limited liability company—which owns a 60% share in Doral. (Compl. ¶ 5.)

To achieve its goal of expanding a restaurant franchise in the U.S., Plutos sought to acquire existing franchised restaurants from their majority owner, VAP Sunshine. (Compl. ¶ 23.) Plutos contends that at the time of contemplating these transactions, Plutos was unaware that Doral was funded by a control-seeking, international money-laundering scheme. (Compl. ¶ 24.) Plutos alleges that Maehle knowingly served as Doral's front-man to disguise the funding source of the scheme, which allegedly was Jurg Widmer's profits from a Guatemalan bribery scandal. (Compl. ¶¶ 24–27.)

The Widmer Enterprise allegedly employed the following three methods to interfere with Plutos's acquisition and operation of the franchise restaurants, including Doral: (1) initiated an abusive and harassing legal attack against Plutos; (2) assaulted Plutos's operation of the restaurants; and (3) ran a defamation campaign against Plutos.[2] (Compl. ¶¶ 39, 43.)

---

[2] Plutos alleges that Maehle and the rest of the Widmer Enterprise filed numerous harassing lawsuits, which drained Plutos's resources and caused it financial harm. (Compl. ¶¶ 43(i), 46.) Plutos also alleges that on March 28, 2019, the Widmer Enterprise unlawfully took over Doral's physical operations for one day and diverted all Doral's revenue to the Widmer Enterprise. (Compl. ¶ 43(g).)

Based on these allegations, Plutos asserts four causes of action against Maehle: (1) violation of Federal Civil Racketeer Influenced and Corrupt Organizations ("RICO"); (2) conspiracy to violate Federal Civil RICO; (3) civil extortion; and (4) civil conspiracy.³  (Compl. ¶¶ 49–72, 74–78, 82–85, 100–105.)  Maehle now moves to dismiss Plutos's Complaint for a lack of personal jurisdiction, improper venue, impermissible shotgun pleading, and failure to state a claim.  (Mot. 7.).

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

---

³ The Motion mistakenly states that Maehle is named in five of the six causes of action in Plutos's Complaint.  (Mot. 7.)

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Maehle moves to dismiss Pluto's Complaint on the following grounds: (1) lack of personal jurisdiction; (2) improper venue; (3) improper shotgun pleading; and (4) failure to state a cause of action. The Court first addresses personal jurisdiction.

### A. Lack of Personal Jurisdiction

Plutos asserts this Court has personal jurisdiction over Maehle and the other Defendants pursuant to 18 U.S.C. § 1965(b). (Compl. ¶ 3.) Although RICO is to be read broadly and liberally construed to effectuate its remedial purposes, the right to nationwide service under section 1965(b) is not unlimited. *See Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). "[M]erely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Id.* For a district court to exercise jurisdiction over nonresident defendants, the court must have personal jurisdiction over at least one of the participants in an alleged multidistrict conspiracy. *See id*. Additionally, the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all the alleged co-conspirators. *See id.*; *see also Rocawear Licensing LLC v. Pacesetter Apparel Grp.*, No. CV 06-3093, 2007 WL 5289737, at *6 (C.D. Cal. Sept. 12, 2007).

If there is no personal jurisdiction per section 1965(b), then the court can assess whether there is a traditional basis for personal jurisdiction under California's long-arm statute. To establish personal jurisdiction the plaintiff needs to allege and eventually prove that the RICO action arose out of sufficient minimum contacts with California or that the defendants' activities were so continuous and systematic to render them "present" in California for service of process. *See Butcher's*, 788 F.2d at 540. Further, once a defendant has challenged the exercise of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction. *Id.* at 538.

Here, Plutos initially asserted that this Court had personal jurisdiction exclusively under section 1965(b), then in the Opposition claimed that no other district court has personal jurisdiction over all the alleged co-conspirators.[4] (Compl. ¶ 3; Opp'n 7.) The only apparent connection to California in this alleged conspiracy is that Plutos is a Delaware corporation based in California. None of the defendants reside in California and Plutos failed to allege that any of the complained conduct took place in California. (*See generally* Compl.) The alleged conspiracy centers around Florida restaurants and the Defendants' attempts to launder money through those entities. (*See* Compl. ¶¶ 22–48.) Plutos failed to make specific allegations to identify a multidistrict conspiracy warranting the exercise of personal jurisdiction under section 1965(b) and did not allege that the nonresident Defendants had sufficient contacts with the forum state to justify personal jurisdiction. Therefore, the Court **GRANTS** Maehle's motion to dismiss for lack of personal jurisdiction and need not reach the other bases upon which Maehle sought to dismiss Plutos's Complaint.

---

[4] In the Reply, Maehle urges the Court to ignore Plutos's Opposition on the basis that it was filed one day late. (Reply to Opp'n 1–2, ECF No. 40.) If the reason for Plutos's tardiness was due to Maehle's failure to meet and confer, then the Court would have no other recourse but to deny the Motion without prejudice and allow the parties to properly brief. For the limited purpose of deciding this Motion, the Court will consider the papers both parties submitted.

**B.     Request for Jurisdictional Discovery**

If the court is inclined to dismiss the case for lack of personal jurisdiction, Plutos requests jurisdictional discovery to demonstrate that "Maehle participated in a conspiracy to defraud a California-based entity." (Opp. 8.) A district court has broad discretion to permit or deny discovery. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). Discovery should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* However, a mere belief that further discovery will enable a plaintiff to demonstrate sufficient contacts between defendant and California is insufficient to justify a grant of discovery. *Butcher's,* 788 F.2d at 540. Here, simply because Plutos was based in California when the alleged conspiracy unfolded in the Florida does not serve as grounds for this Court to grant jurisdictional discovery. Accordingly, the Court **DENIES** Plutos's request for jurisdictional discovery.

## V.     CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Maehle's Motion to Dismiss, and **GRANTS** Plaintiff leave to amend to address the personal jurisdiction deficiencies. (ECF No. 35).

**IT IS SO ORDERED.**

April 15, 2020

———————————————————
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**